**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **THE SCOOTER STORE, INC., ET AL.,** | CASE NO.  2:10-CV-0018-ALM-MRA |
| Plaintiff, | JUDGE ALGENON L. MARBLEY |
| vs. | MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| **SPINLIFE.COM, LLC,** | |
| Defendant. | |

**PLAINTIFFS' ANSWER TO COUNTS III AND V OF DEFENDANT'S FIRST AMENDED COUNTERCLAIM[1]**

Plaintiffs, The Scooter Store, Inc. and The Scooter Store, Ltd., for their answer to the First Amended Counterclaim of Defendant, SpinLife.com, LLC [Doc. 61], admit, deny, and state as follows:

**The Parties**

1. Plaintiffs admit that The Scooter Store, Inc. ("TSSI") is a Nevada corporation. Plaintiffs further admit that TSSI conducts business in the state of Ohio. Plaintiffs deny all remaining allegations set forth in Paragraph 1 of Defendant's First Amended Counterclaim.

2. Plaintiffs admit that The Scooter Store, Ltd. ("TSSL") is a Texas limited partnership. Plaintiffs further admit that TSSL conducts business in the state of Ohio. Plaintiffs

---

[1] Plaintiffs are filing this date a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), with regard to Counts I, II, IV, and VI of Defendant's Amended Counterclaim.  If necessary, Plaintiffs will answer Counts I, II, IV, and VI in accordance with the Court's decision on their Motion to Dismiss and Fed. R. Civ. P. 12(a)(4).

deny all remaining allegations set forth in Paragraph 2 of Defendant's First Amended Counterclaim.

3. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 of Defendant's First Amended Counterclaim, and therefore deny the same.

### Jurisdiction and Venue

4. Plaintiffs admit that this Court has subject matter jurisdiction over this action. Plaintiffs deny that this Court has jurisdiction over this action pursuant to 15 U.S.C. § 2, et seq. or 15 U.S.C. § 4. Plaintiffs deny all the remaining allegations set forth in Paragraph 4 of Defendant's First Amended Counterclaim.

5. Plaintiffs admit the allegations set forth in Paragraph 5 of Defendant's First Amended Counterclaim.

6. Plaintiffs deny that venue is proper in this District, and deny all remaining allegations set forth in Paragraph 6 of Defendant's First Amended Counterclaim.

7. Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs. Plaintiffs deny that many of the actions alleged, and giving rise to, Defendant's First Amended Counterclaim occurred in this District. Rather, Defendant's First Amended Counterclaim arises out of Plaintiffs' alleged conduct in Texas, and/or other events in Texas. Plaintiffs deny all remaining allegations set forth in Paragraph 7 of Defendant's First Amended Counterclaim.

8. Plaintiffs deny the allegations set forth in Paragraph 8 of Defendant's First Amended Counterclaim.

9. Paragraph 9 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 9 of Defendant's First Amended Counterclaim.

## Factual Allegations

10. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of Defendant's First Amended Counterclaim, and therefore deny the same.

11. With respect to Paragraph 11, Plaintiffs admit that it has received payments directly from Medicare. The remainder of this paragraph is denied.

12. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of Defendant's First Amended Counterclaim, and therefore deny the same.

13. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of Defendant's First Amended Counterclaim, and therefore deny the same.

14. Plaintiffs admit the allegations in Paragraph 14.

15. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of Defendant's First Amended Counterclaim, and therefore deny the same.

16. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of Defendant's First Amended Counterclaim, and therefore deny the same.

17. Plaintiffs admit the allegations in Paragraph 17.

18. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of Defendant's First Amended Counterclaim, and therefore deny the same.

19. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of Defendant's First Amended Counterclaim, and therefore deny the same.

20. Plaintiffs admit the allegations set forth in Paragraph 20 of Defendant's First Amended Counterclaim.

21. TSSI states that the USPTO issued a non-final office action on June 20, 2001 which non-final office action speaks for itself and to the extent the allegations set forth in Paragraph 21 of Defendant's First Amended Counterclaim are incomplete and/or inconsistent therewith, Plaintiffs deny those allegations. Plaintiffs specifically deny SpinLife's mischaracterizations and out of context allegations about the non-final office action of June 20, 2001 and expressly deny that the PTO issued any final determination in the non-final office action of June 20, 2001. The PTO's final action concerning Plaintiffs' "THE SCOOTER STORE" applications was to issue the federal trademark registrations.

22. TSSI states that the USPTO issued a non-final office action on June 20, 2001 which non-final office action speaks for itself and to the extent the allegations set forth in Paragraph 22 of Defendant's First Amended Counterclaim are incomplete and/or inconsistent therewith, Plaintiffs deny those allegations. Plaintiffs specifically deny SpinLife's mischaracterizations and out of context allegations about the non-final office action of June 20, 2001 and expressly deny that the PTO issued any final determination in the non-final office

action of June 20, 2001. The PTO's final action concerning Plaintiffs' "THE SCOOTER STORE" applications was to issue the federal trademark registrations.

23. TSSI states that the USPTO issued a non-final office action on June 20, 2001 which non-final office action speaks for itself and to the extent the allegations set forth in Paragraph 23 of Defendant's First Amended Counterclaim are incomplete and/or inconsistent therewith, Plaintiffs deny those allegations. Plaintiffs specifically deny SpinLife's mischaracterizations and out of context allegations about the non-final office action of June 20, 2001 and expressly deny that the PTO issued any final determination in the non-final office action of June 20, 2001. The PTO's final action concerning Plaintiffs' "THE SCOOTER STORE" applications was to issue the federal trademark registrations.

24. TSSI states that the USPTO issued a non-final office action on June 20, 2001 which non-final office action speaks for itself and to the extent the allegations set forth in Paragraph 24 of Defendant's First Amended Counterclaim are incomplete and/or inconsistent therewith, Plaintiffs deny those allegations. Plaintiffs specifically deny SpinLife's mischaracterizations and out of context allegations about the non-final office action of June 20, 2001 and expressly deny that the PTO issued any final determination in the non-final office action of June 20, 2001. The PTO's final action concerning Plaintiffs' "THE SCOOTER STORE" applications was to issue the federal trademark registrations.

25. Plaintiffs state that the decision of the USPTO speaks for itself, and to the extent the allegations set forth in Paragraph 25 of Defendant's First Amended Counterclaim are incomplete and/or inconsistent therewith, Plaintiffs deny those allegations. The USPTO did grant TSSI and/or TSSL trademarks for "The Scooter Store" with regard to the insurance claims processing for others; maintenance and repair services for wheelchairs, power chairs, lift chairs

and motorized scooters; delivery of wheelchairs, power chairs, lift chairs and motorized scooters" lines of commerce.

26. Plaintiffs admits that TSSI amended its "THE SCOOTER STORE" application during prosecution of the subject applications. The amended application speaks for itself and to the extent the allegations set forth in Paragraph 26 of Defendant's First Amended Counterclaim are incomplete and/or inconsistent therewith, Plaintiffs deny those allegations. Plaintiffs expressly deny any inference that the scope of Plaintiffs' common law trademark rights and the scope of Plaintiffs' "THE SCOOTER STORE" federal trademark registration rights do not encompass SpinLife's use of "THE SCOOTER STORE" trade name and trademark, or SpinLife's retail sale of SpinLife's goods or services in a manner that is likely to cause confusion with or dilute Plaintiff's "THE SCOOTER STORE" trade name and trademark.

27. Plaintiff's deny the allegations in Paragraph 27. TSSI owns federal trademark registration number 3393269 for "THE SCOOTER STORE GUARANTEED FREEDOM PROGRAM" for "retail store services featuring mobility solutions for mobility impaired persons; online ordering services featuring mobility solutions for mobility impaired persons; and online retail store services featuring mobility solutions for mobility impaired persons." The term "THE SCOOTER STORE" is not disclaimed in this federal trademark registration.

28. TSSI's issued federal trademark registrations for "THE SCOOTER STORE" speak for themselves and to the extent the allegations set forth in Paragraph 28 of Defendant's First Amended Counterclaim are incomplete and/or inconsistent therewith, Plaintiffs deny those allegations. Plaintiffs expressly deny any inference that the scope of Plaintiffs' common law trademark rights and the scope of TSSI's "THE SCOOTER STORE" federal trademark registration rights do not encompass SpinLife's use of the "THE SCOOTER STORE" trade

name and trademark or SpinLife's retail sale of SpinLife's goods or services in a manner that is likely to cause confusion with or dilute Plaintiffs' "THE SCOOTER STORE" trade name and trademark.

29. Plaintiffs deny the allegations in Paragraph 29.

30. Plaintiffs deny the allegations in Paragraph 30.

31. With Respect to Paragraph 31, Plaintiffs admit that in 2007 it settled a lawsuit filed by the Department of Justice and that the settlement included the execution of a Corporate Integrity Agreement. Plaintiffs deny the remainder of Paragraph 31.

32. Plaintiffs deny the allegations in Paragraph 32 of Defendant's First Amended Counterclaim.

33. Plaintiffs deny the allegations in Paragraph 33 of Defendant's First Amended Counterclaim.

34. Plaintiffs deny the allegations in Paragraph 34 of Defendant's First Amended Counterclaim.

35. Plaintiffs deny the allegations in Paragraph 35 of Defendant's First Amended Counterclaim.

36. Plaintiffs deny the allegations in Paragraph 36 of Defendant's First Amended Counterclaim.

37. Plaintiffs state that it was SpinLife that approached TSSI and/or TSSL with regard to the potential acquisition of SpinLife by TSSI and/or TSSL. Plaintiffs admit that they learned some details about SpinLife's business during negotiations regarding said potential acquisition, and that no agreement was reached. Plaintiffs deny the remaining allegations in Paragraph 37 of Defendant's First Amended Counterclaim.

38.     Plaintiffs admit the allegations in Paragraph 38 of Defendant's First Amended Counterclaim.

39.     Plaintiffs admit that they filed this suit for the purpose of preventing Defendant from unfairly trading on Plaintiffs' good name and reputation, but deny the remainder of the allegations set forth in Paragraph 39 of Defendant's First Amended Counterclaim.

40.     Plaintiffs deny the allegations set forth in Paragraph 40 of Defendant's First Amended Counterclaim, although admit that both sides discussed litigation costs in the context of potential settlement discussions.

41.     Plaintiffs deny the allegations set forth in Paragraph 41 of Defendant's First Amended Counterclaim

42.     Plaintiffs deny the allegations set forth in Paragraph 42 of Defendant's First Amended Counterclaim.

43.     Plaintiffs deny the allegations set forth in Paragraph 43 of Defendant's First Amended Counterclaim.

44.     Plaintiffs deny the allegations set forth in Paragraph 44 of Defendant's First Amended Counterclaim.

45.     Plaintiffs deny the allegations set forth in Paragraph 45 of Defendant's First Amended Counterclaim.

46.     Plaintiffs deny the allegations set forth in Paragraph 46 of Defendant's First Amended Counterclaim.

47.     Plaintiffs admit that they have not initiated legal action against Google. Plaintiffs deny all remaining allegations set forth in Paragraph 47 of Defendant's First Amended Counterclaim.

48. Plaintiffs state that the trade name registration referenced in Paragraph 48 of Defendant's First Amended Counterclaim speaks for itself. To the extent the allegations of Paragraph 48 of Defendant's First Amended Counterclaim are inconsistent therewith, those allegations are denied. Plaintiffs admit that in 1995 Edwin L. Trautman obtained an Ohio state trade name registration for "The Scooter Store." Plaintiffs deny the remaining allegations of Paragraph 48 of Defendant's First Amended Counterclaim.

49. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49 of Defendant's First Amended Counterclaim, and therefore deny the same.

50. Plaintiffs deny the allegations of Paragraph 50 of Defendant's First Amended Counterclaim.

51. Plaintiffs deny the allegations of Paragraph 51 of Defendant's First Amended Counterclaim.

52. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52 of Defendant's First Amended Counterclaim, and therefore deny the same.

53. Plaintiffs deny the allegations of Paragraph 53 of Defendant's First Amended Counterclaim in that neither TSSI nor TSSL have or had any knowledge of Mr. Trautman's supposed "use" of the phrase, "The Scooter Store".

54. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54 of Defendant's First Amended Counterclaim, and therefore deny the same.

55. Plaintiffs admit that they made certain representations to the USPTO in applying for its trademarks, consistent with the oath the USPTO requires of a party seeking trademark protection. To the extent the allegations of Paragraph 55 of Defendant's First Amended Counterclaim are inconsistent with that oath, they are denied. Plaintiffs deny the remaining allegations of Paragraph 55 of Defendant's First Amended Counterclaim.

56. Plaintiffs admit that they did not disclose any Ohio trade name to the USPTO. Further answering, Plaintiffs state that they had no duty to disclose to the USPTO the use Edwin L. Trautman made of any mark. Plaintiffs deny the remaining allegations of Paragraph 56 of Defendant's First Amended Counterclaim.

57. Plaintiffs admit that, in their trademark applications, they did not disclose any knowledge Mr. Harrison allegedly had regarding Mr. Trautman, or the mark(s) Mr. Trautman allegedly used. Plaintiffs deny the remaining allegations of Paragraph 57 of Defendant's First Amended Counterclaim.

58. Plaintiffs deny the allegations of Paragraph 58 of Defendant's First Amended Counterclaim.

59. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59 of Defendant's First Amended Counterclaim, and therefore deny the same.

60. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 of Defendant's First Amended Counterclaim, and therefore deny the same.

61. Plaintiffs admit that, at Plaintiffs' request, Terry Livers visited and observed Mr. Trautman's business at 2079 South Arlington Street, Akron, Summit County, Ohio, 44306, in

2006, 2008, and 2010. Plaintiffs further admit that Mr. Livers spoke to Mr. Trautman in 2006, and that Mr. Livers reported to Mark Miller regarding his visits and observations. Plaintiffs deny the remaining allegations set forth in Paragraph 61 of Defendant's First Amended Counterclaim.

62. Plaintiffs admit that Registration Nos. 2,710,502 and 2,714,979 have achieved incontestable status. Plaintiffs deny the remaining allegations set forth in Paragraph 62 of Defendant's First Amended Counterclaim.

### Count I

63.-86. Plaintiffs are filing this date a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), with regard to Counts I, II, IV, and VI of Defendant's First Amended Counterclaim. If necessary, Plaintiffs will answer Count I of Defendant's First Amended Counterclaim in accordance with the Court's decision on their Motion to Dismiss and Fed. R. Civ. P. 12(a)(4).

### Count II

87.-94. Plaintiffs are filing this date a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), with regard to Counts I, II, IV, and VI of Defendant's First Amended Counterclaim. If necessary, Plaintiffs will answer Count II of Defendant's First Amended Counterclaim in accordance with the Court's decision on their Motion to Dismiss and Fed. R. Civ. P. 12(a)(4).

### Count III

95. Plaintiffs incorporate, as if fully rewritten herein, their foregoing admissions and denials to all the previous paragraphs of Defendant's First Amended Counterclaim.

96. Paragraph 96 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 96 of Defendant's First Amended Counterclaim.

97. Paragraph 97 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 97 of Defendant's First Amended Counterclaim.

98. Paragraph 98 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 98 of Defendant's First Amended Counterclaim.

99. Paragraph 99 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 99 of Defendant's First Amended Counterclaim.

100. Paragraph 100 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 100 of Defendant's First Amended Counterclaim.

101. Paragraph 101 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 101 of Defendant's First Amended Counterclaim.

102. Paragraph 102 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 102 of Defendant's First Amended Counterclaim.

103. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103 of Defendant's First Amended Counterclaim, and therefore deny the same.

### Count IV

104.-115.	Plaintiffs are filing this date a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), with regard to Counts I, II, IV, and VI of Defendant's First Amended Counterclaim. If necessary, Plaintiffs will answer Count IV of Defendant's First Amended Counterclaim in accordance with the Court's decision on their Motion to Dismiss and Fed. R. Civ. P. 12(a)(4).

### Count V

116.	Plaintiffs incorporate, as if fully rewritten herein, their foregoing admissions and denials to all the previous paragraphs of Defendant's First Amended Counterclaim.

117.	Paragraph 117 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 117 of Defendant's First Amended Counterclaim.

118.	Paragraph 118 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 118 of Defendant's First Amended Counterclaim.

119.	Plaintiffs deny the allegations set forth in Paragraph 119 of Defendant's First Amended Counterclaim.

120.	Paragraph 120 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 120 of Defendant's First Amended Counterclaim.

121.	Paragraph 121 of Defendant's First Amended Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations set forth in Paragraph 121 of Defendant's First Amended Counterclaim.

122. Plaintiffs state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 122 of Defendant's First Amended Counterclaim, and therefore deny the same.

### Count VI

123.-132. Plaintiffs are filing this date a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), with regard to Counts I, II, IV, and VI of Defendant's First Amended Counterclaim. If necessary, Plaintiffs will answer Count VI of Defendant's First Amended Counterclaim in accordance with the Court's decision on their Motion to Dismiss and Fed. R. Civ. P. 12(a)(4).

### FIRST DEFENSE

133. Plaintiffs deny all other allegations set forth in Defendant's First Amended Counterclaim which they have not specifically admitted herein to be true.

### SECOND DEFENSE

134. Defendant's First Amended Counterclaim fails to state a claim upon which relief can be granted against Plaintiffs under any theory.

### THIRD DEFENSE

135. Defendant lacks standing to pursue the causes of action set forth in Defendant's First Amended Counterclaim.

### FOURTH DEFENSE

136. Defendant's claims are barred on the basis of immunity pursuant to the Noerr-Pennington Doctrine.

### FIFTH DEFENSE

137. Defendant's claims are barred because Defendant has not suffered any antitrust injury.

SIXTH DEFENSE

138. Defendant's claims are barred on the ground that Defendant has suffered no damages due to the actions of Plaintiffs, as alleged and described in Defendant's First Amended Counterclaim.

SEVENTH DEFENSE

139. Defendant's claims are barred on the ground that Defendant was not actually and proximately injured in its business or property by reason of any action(s) of Plaintiffs.

EIGHTH DEFENSE

140. Defendant's claims for damages, declaratory judgment, and/or other relief on all counts are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, and/or estoppel.

NINTH DEFENSE

141. Defendant's claims are barred because Plaintiffs' conduct was entirely proper, privileged, and authorized by law.

TENTH DEFENSE

142. Defendant's claims are barred to the extent that those claims seek to impose liability on Plaintiffs based on the legitimate exercise of Plaintiffs' trademark rights.

ELEVENTH DEFENSE

143. The relief sought by Defendant is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and/or allocation of such alleged damages.

TWELFTH DEFENSE

144. This action should be dismissed pursuant to the doctrine of forum non conveniens.

### THIRTEENTH DEFENSE

145. Defendant may not recover punitive damages against Plaintiffs on the basis of the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and/or by equivalent protections provided by the Constitutions of Texas, Ohio, and/or any other applicable state.

### FOURTEENTH DEFENSE

146. Defendant's claim for punitive damages against Plaintiffs is barred, in whole or in part, on the basis the common law, statutory law, and/or public policy of Texas, Ohio, and/or any other applicable state.

### FIFTEENTH DEFENSE

147. Defendant's claim for punitive damages against Plaintiffs is not permitted in an antitrust action brought pursuant to the Sherman Act because the Sherman Act provides for treble damages.

### SIXTEENTH DEFENSE

148. Defendant's claims are barred on the basis of the doctrines of res judicata and/or collateral estoppel.

### SEVENTEENTH DEFENSE

149. Defendant's claims are barred on the ground that Defendant has failed to join necessary and/or indispensable parties.

### EIGHTEENTH DEFENSE

150. Defendant's claims are barred, in whole or in part, because of a failure to mitigate damages, if any such damages exist.

### NINETEENTH DEFENSE

151. Defendant's state law claims are barred, in whole or in part, to the extent that they conflict with, or are preempted by, federal law.

### TWENTIETH DEFENSE

152. Defendant's claims are barred on the basis of prior continuous use. Plaintiffs' trademarks are currently in use in commerce, and have been in continuous use in commerce since 1991.

### TWENTY-FIRST DEFENSE

153. Defendant's claims are barred on the ground that Plaintiffs' trademark registrations 2,710,502 and 2,714,979 are incontestable.

### TWENTY-SECOND DEFENSE

154. Defendant's claims are barred on the basis of Plaintiffs' common-law trademark rights, above and beyond Plaintiffs' federal trademark registrations.

### TWENTY-THIRD DEFENSE

155. Defendant's claims are barred on the basis of Defendant's dilution of Plaintiffs' trademark rights.

### TWENTY-FOURTH DEFENSE

156. Defendant's claims are barred on the ground and to the extent that Plaintiffs had no legal duty to investigate and/or report to the USPTO any other possible users of any particular mark, including, without limitation, the Ohio trade name registrant alleged and described in Defendant's First Amended Counterclaim.

**WHEREFORE,** having fully answered Defendant's First Amended Counterclaim, Plaintiffs hereby request that the Court (1) dismiss Defendant's First Amended Counterclaim with prejudice; (2) award Plaintiffs all costs, including reasonable attorney's fees, incurred in the defense of Defendant's First Amended Counterclaim; and (3) grant any further relief that may be just and equitable under the circumstances.

Respectfully submitted,

/s/ *Stephen D. Jones*
Stephen D. Jones (0018066)
Jeremy S. Young (0082179)
Roetzel & Andress, LPA
155 East Broad Street, 12th Floor
Columbus, OH 43215
Telephone: 614.463.9770
Facsimile: 614.463.9792
E-mail: sjones@ralaw.com
jyoung@ralaw.com

Donald Scherzer (0022315)
Roetzel & Andress, LPA
1375 East Ninth Street
One Cleveland Center, Suite 900
Cleveland, OH 44114
Telephone: 216.615.7418
Facsimile: 216.623.0134
E-mail: dscherzer@ralaw.com

*Trial Attorneys for Plaintiffs, The Scooter Store, Inc. and The Scooter Store, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 1st day of June, 2010:

Michael Hiram Carpenter
Angela M. Paul Whitfield
Timothy R. Bricker
Carpenter Lipps & Leland LLP
280 Plaza Suite 1300
280 North High Street
Columbus, Ohio  43215

*Counsel for Defendant, SpinLife.com, LLC*

                                      /s/ Stephen D. Jones
                                          Stephen D. Jones