UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE SCOOTER STORE, INC.** *et al.***,**

    **Plaintiffs,**

vs.

    Civil Action 2:10-cv-00018
    Judge Algenon L. Marbley
    Magistrate Judge E. A. Preston Deavers

**SPINLIFE.COM, LLC,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion to Re-Transfer Case to the United States District Court for the Western District of Texas (Doc. 36), Plaintiffs' Amended Memorandum in Support of Plaintiffs' Motion to Re-Transfer Case to the United States District Court for the Western District of Texas (Doc. 48), Defendant's Memorandum in Opposition to Motion to Retransfer (Doc. 51); Plaintiffs' Reply (Doc. 57), Defendant's Motion to Strike, or, in the Alternative, For Leave to File Surreply (Doc. 59), and Plaintiffs' Response to Defendant's Motion to Strike (Doc. 62). For the reasons that follow, the Court **DENIES** Plaintiffs' Motion to Re-Transfer (Doc. 36) and **DENIES AS MOOT** Defendant's Motion to Strike (Doc. 59).

### I.

Plaintiffs, The Scooter Store, Inc., and The Scooter Store, Ltd., originally filed this lawsuit in the Western District of Texas, asserting state and federal unfair competition and trademark claims against Defendant, Spinlife.com, LLC. Subsequently, Defendant filed a motion for transfer, which was granted. (Doc. 25.)

On January 6, 2010, the district court for the Western District of Texas transferred this action to this Court. Then, on January 8, 2010, Defendant filed its Answer and Counterclaim. (Doc. 29.) Defendant pleads in its Counterclaim claims for Sherman Act attempted monopolization, Ohio Unfair Competition, and declaratory judgment of invalidity, non-infringement, and unenforceability. On February 22, 2010, Plaintiffs filed a motion seeking to re-transfer this action back to the Western District of Texas. Defendant opposes Plaintiffs' Motion for Re-Transfer.

## II.

"Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp. UAW*, 300 F.3d 711, 715 (6th Cir. 2002) (citation omitted). The doctrine is "meant to promote judicial efficiency . . . ." *Omimex Energy Inc. v. Blohm*, No. 09-1158, 2010 WL 1531320, at *8 (6th Cir. April 16, 2010). The Sixth Circuit Court of Appeals applies this doctrine "with even greater force to transfer decisions" in order to avoid "the possibility of forcing a transferred case into perpetual litigation by playing 'jurisdictional ping-pong.' " *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Christianson v. Colt*, 486 U.S. 800, 816 (1988)). Because, however, the doctrine is a rule of judicial comity, the Supreme Court has acknowledged the ability to reconsider prior decisions under "extraordinary circumstances":

> A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice."

*Christianson*, 486 U.S. at 817 (quoting *Arizona v. California* 460 U.S. 605, 618 n.8 (citation

2

omitted)).  The *Moses* Court clarified the "extraordinary circumstances" under which a judge appropriately deviates from the law of the case: " 'The law of the case will be disregarded only when the court has "a clear conviction of error" with respect to a point of law on which its previous decision was predicated.' "  929 F.3d at 1137 (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)).  The Supreme Court has also acknowledged that changed conditions may warrant re-transfer.  *See Koehring Co. v. Hyde Const. Co.*, 382 U.S. 362, 365 (1966) (remanding case to the transferee court while expressly reserving the parties' "right to apply . . . to have the case transferred back to the [transferor court] because of changed conditions.").  Courts considering this basis for re-transfer consider whether or not the "original purposes of the transfer have been frustrated by an unforeseen later event."  *In Re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3846 (1976)); *HAB Carriers, Inc. v. Arrow Truck Sales, Inc*., No. 07-4390, 2009 WL 2589108, at *1 (D.N.J. Aug. 21, 2009) ("The Fifth Circuit has enunciated, and other district courts have adopted, the rule that a transferee-district court should not retransfer the case except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous." (internal quotation marks and citations omitted)); *accord Skill Corp v. Millers Falls Co*., 541 F.2d 554, 558 (6th Cir. 1976) (a transferee court should accept the ruling transferring the action as the law of the case "except under the most impelling and unusual circumstances.").

### III.

**A.     Motion to Strike**

As a preliminary matter, the Court **DENIES AS MOOT** Defendant's Motion to Strike (Doc. 59).  In its Motion to Strike, Defendant sought to strike Plaintiffs' assertions that Defendant's non-party witness, Edwin L. Trautman, never obtained an Ohio trade name

3

registration for the phrase "The Scooter Store." In support of this Motion, Defendant attached an exhibit which appears to demonstrate that Mr. Trautman did obtain an Ohio trade name registration for the phrase "The Scooter Store." In response, Plaintiffs agreed to withdraw their argument, rendering Defendant's Motion to Strike moot.

**B.     Motion for Re-Transfer**

Plaintiffs assert that the Court should deviate from the law of the case and re-transfer to the Western District of Texas because Judge Hudspeth's decision to transfer this case was clearly erroneous. Alternatively, Plaintiffs contend that Defendant's assertion of counterclaims constituted a "significant post-transfer development" warranting "reconsideration of the appropriate venue." (Pls.' Am. Mem. in Support of Mot. to Re-Transfer 1.) Because the Court finds no clear error, manifest injustice, or frustration of purpose superceding the law-of-the-case doctrine, Judge Hudpeth's transfer order will remain undisturbed.

**1.     Clearly Erroneous**

Judge Hudspeth's determination that the convenience of the parties and witnesses and the interests of justice required transfer was not clearly erroneous. In granting Defendant's Motion for Transfer, Judge Hudspeth first determined that venue in this Court would have been proper. He then evaluated a number private factors, including the following private concerns: ease of access to the sources of proof; cost of attendance for willing witnesses; availability of witnesses; and all of the other practical problems that make trial of a case easy, expeditious, and inexpensive. He determined that the access to sources of proof factor weighed in favor of transfer, noting that Defendant's "principal, and only, place of business" was located in Ohio as were all of its advertising, marketing, and sales records. (Dec. 19, 2009 Transfer Order at 11.) Judge Hudspeth also determined that the cost of attendance for willing witnesses and the

4

availability of witnesses factors weighed in favor of transfer. Although he was not persuaded by the location of party witnesses, he was persuaded by the location of Defendant's key non-party witness who was located in Ohio and who may not be subject to the jurisdiction or subpoena power of the Western District of Texas. (*Id*. at 13.) Judge Hudspeth found the remainder of the factors to be neutral. He then considered a number of public interest factors, including court congestion; local interest in the dispute; familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws, but found each of these factors to be neutral. Based upon his analysis of these private and public factors, Judge Hudspeth concluded as follows:

> While the majority of private and public interest factors are neutral, several factors weigh strongly in favor of transferring this suit. No factors weigh significantly in favor of retaining the case in this Court. The convenience of the parties and witnesses and the interests of justice require that this case be transferred.

(*Id*. at 16.)

District courts are afforded "broad discretion" in deciding whether to transfer venue under 28 U.S.C. § 1404(a). *In re Volkswagen of Am. Inc.,* 545 F.3d 304, 311 (5th Cir. 2008) (internal quotation marks an citations omitted). Section 1404(a), however, sets forth limitations on this discretion. *Id*. Section 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, the threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *In re Volkswagen of Am.*, 545 F.3d at 312. If the action could have been brought in the transferee court, the district court next considers whether convenience of the parties and witnesses and the interests of justice warrant the proposed venue transfer. *See id*. at 315. The Fifth Circuit Court

of Appeals advises that consideration of the private and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) should guide this inquiry. *Id*. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." (internal quotation marks and citations omitted). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. Further, transfer pursuant to § 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). Finally, the moving party bears the burden to establish a need for transfer. *In re Volkswagen of Am.*, 545 F.3d at 315.

  Plaintiffs do not challenge Judge Hudspeth's determination that this action could have been brought in the Southern District of Ohio. Nor do Plaintiffs contend that Judge Hudspeth failed to consider the proper private and public interest factors. Instead, Plaintiffs contend that Judge Hudspeth committed clear error because he failed to properly balance the standards for transfer. Specifically, Plaintiffs advance the following three arguments: (1) Judge Hudspeth did not follow presumptions of the location of a party's witnesses and documentary evidence; (2) Judge Hudspeth failed to consider Plaintiffs' identified potential lay witnesses; and (3) Judge Hudspeth relied on Defendant's inaccurate description of the facts.

  Plaintiffs' first and second arguments are unavailing because they fail to account for the nature of the instant action. In his transfer order, Judge Hudspeth noted that "[a]ll of

Defendant's advertising, marketing, and sales records are located in Ohio.  Plaintiffs do not deny that these documents are in Ohio.  \* \* \*  Furthermore, neither party alleges that any necessary documents are located in Texas and not in Ohio." (Dec. 19, 2009 Transfer Order at 11–12.) Referencing these statements, Plaintiffs assert that Judge Hudspeth erroneously interpreted their silence about the location of the necessary documents.  Plaintiffs maintain that Judge Hudspeth should have presumed that Plaintiffs' witnesses, documents, and evidence are located at the same location as its principal place of business or state of incorporation, which is Texas in this case.  In support of this argument, Plaintiffs cite to a number of cases in which the judge, who was assessing the convenience of the parties and witnesses, presumed that a company's documents and witnesses are located at its principal place of business and/or state of incorporation.  Courts, however, "have observed that 'intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore *the location of the alleged infringer's principal place of business is often the critical and controlling consideration*' *in adjudicating transfer of venue motions*."  *Houston Trial Reports, Inc.*, 85 F.Supp.2d 663, 668 (S.D. Tex. 1999) (emphasis added) (quoting *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F.Supp. 470 (N.D. Ill. 1992); *Anadigics, Inc. v. Raytheon Co.*, 903 F.Supp. 615 (S.D.N.Y. 1995)).  *Cf. Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 792 (S.D. Tex. 2005) (relying on *Houston Trial Reports* to transfer the trademark infringement action to the district where the alleged infringer's retail business was located).  Thus, in this trademark infringement action, Judge Hudspeth did not err in focusing primarily on the location of Defendant's evidentiary records.  Further, Plaintiffs' identification of company witnesses is inconsequential for two reasons.  First, Plaintiffs' potential company-witness list was not before Judge Hudspeth.  Consequently, this Court cannot find that he committed clear error in failing to

7

consider it.  Second, Judge Hudspeth accorded no weight to the location of party witnesses, declaring it a "neutral factor."

Plaintiffs' third and final argument, namely that Judge Hudspeth relied on Defendant's inaccurate description of the facts, is equally without merit because Plaintiffs have not demonstrated that Defendant's representations regarding its non-party witness are untrue.  Judge Hudspeth noted that "the convenience of the non-party witnesses is accorded the greatest weight."  (Dec. 19, 2009 Transfer Order at 12 (citing *Two-Way Media LLC v. AT&T, Inc.*, 636 F.Supp. 2d 527, 538 (S.D. Tex. 2009)).  He found that this factor weighed in favor of transfer based upon Defendant's identification of its non-party witness, Mr. Trautman.  Plaintiffs contend that Defendant improperly represented that Mr. Trautman's testimony would be of central importance.[1]  Defendant maintains that Mr. Trautman's trade name registration, his right to use the term "The Scooter Store," and his communications with The Scooter Store are directly relevant to its defenses and counterclaims.  In response, Plaintiffs cite authority that they assert demonstrates that "the Lanham Act does not require a trademark applicant to investigate and report . . . all other possible users" and "an Ohio trade name registration confers no federal trademark rights."  (Pls.' Am. Mem. in Support of Mot. to Re-Transfer 15–16.)  Plaintiffs' arguments pertain to the merits of Defendant's defenses and counterclaims.  Although Plaintiffs may ultimately prevail on these arguments, Plaintiffs have not refuted Defendant's representations that Mr. Trautman's testimony is important to its defenses and counterclaims.

---

[1]Throughout the course of this venue dispute, Plaintiffs made numerous assertions concerning Mr. Trautman in an attempt to diminish the importance or relevance of his testimony.  For example, Plaintiffs have asserted that Defendant proffered no evidence that Mr. Trautman was an Ohio resident, that he did not obtain a trade name registration for "The Scooter Store," and that he is no longer in business.  Each of these assertions, however, have been either refuted or abandoned.

Accordingly, the Court is unwilling to find error with Judge Hudspeth's consideration of the location and availability of Mr. Trautman, a non-party witness.

In sum, the deficiencies Plaintiffs allege do not rise to the level of clear error producing manifest injustice. Thus, the Court will not disturb the law of the case on this basis.

### 2. Frustration of Purpose

The Court also rejects Plaintiffs' assertion that "the purpose of the original transfer to this Court has been frustrated by the post-transfer filing of Defendant's Texas-based Counterclaims." (Pls.' Am. Mem. in Support of Mot. to Re-Transfer 5.) Although, as discussed above, re-tranfer could be proper because of changed circumstances, the changed circumstances must be "unforeseen," or "most impelling and unusual." *Koehring*, 382 U.S. at 365; *In re Cragar Industries*, 706 F.2d at 505; *Skill Corp*, 541 F.2d at 558. This Court, like the majority of courts, finds that the mere filing of a counterclaim does not constitute an extraordinary, unforeseen, or "most impelling and unusual circumstance." *See e.g.*, *Murray v. Scott*, 176 F.Supp.2d 1249, 1254–55 (M.D. Ala. 2001) (finding that the purpose of the original transfer was not frustrated by a counterclaim, noting that "[a] counterclaim is not unanticipatable in the least"). Further, in the instant case, the evidence suggests that Plaintiffs *did* anticipate Defendant's counterclaim. For example, Defendant filed the Affidavit of Linda Stein, its Chief Executive Officer, in support of its motion for transfer. Linda Stein stated that "[s]everal of SpinLife's high-level employees, all located in Ohio, may have knowledge relevant to the claims in this lawsuit, SpinLife's defenses thereto, *and SpinLife's anticipated counterclaims against Plaintiffs*." (Def.'s Reply in Support of Transfer at Ex. 1, Stein Aff. ¶ 3, Doc. 25-23 at 24 (emphasis added)). Finally, Judge Hudspeth emphasized that "[t]he convenience of the non-party witnesses is accorded the greatest weight." (Dec. 19, 2009 Transfer Order at 12.) Defendant's assertion of a counterclaim does not

9

change the weight accorded to this factor—the location of Mr. Trautman, the only non-party witness, remains unchanged. For these reasons, the Court finds that Defendant's assertion of counterclaims does not frustrate the purpose of transfer. Accordingly, the Court **DENIES** Plaintiffs' Motion for Re-Transfer. This Court, therefore, wholly accepts Judge Hudspeth's transfer.

### IV.

Finding no applicable exception to the law-of-the-case doctrine, the Court **DENIES** Plaintiffs' Motion to Re-Transfer Case to the United States District Court for the Western District of Texas (Doc. 36). In addition, for the reasons set forth above, the Court **DENIES AS MOOT** Defendant's Motion to Strike, or, in the Alternative, For Leave to File Surreply (Doc. 59).[2]

**IT IS SO ORDERED.**

September 1, 2010                              /s/ *Elizabeth A. Preston Deavers*
                                               Elizabeth A. Preston Deavers
                                               United States Magistrate Judge

---

[2]The Court does not address Defendant's suggestion that Plaintiffs should be sanctioned under Federal Rule of Civil Procedure 11. Defendant has failed to comply with Rule 11's procedural requirements. Rule 11 requires that a motion for sanctions "be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Further, the Court refuses to engage in and is not persuaded by the uncivil and unprofessional discourse among counsel in their briefing, which should have focused only on whether re-transfer is appropriate. Counsel's vitriolic commentary is wholly unnecessary for disposition of the legal issues before this Court.