## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**THE SCOOTER STORE, INC. et al.,**

      **Plaintiffs,**

                                    **Civil Action 2:10-cv-18**

      **v.**                             **Judge Algenon L. Marbley**

                                      **Magistrate Judge E.A. Preston Deavers**

**SPINLIFE.COM, LLC,**

      **Defendant.**

## DISCOVERY OPINION AND ORDER

Plaintiffs, The Scooter Store, Inc., and The Scooter Store, Ltd., filed this action against Defendant, Spinlife.com, LLC, asserting state and federal unfair competition and trademark claims. Defendant asserts counterclaims for Sherman Act attempted monopolization and Ohio Unfair Competition. This matter is before the Court for consideration of Defendant's Motion to Compel Deposition of Plaintiffs' Witness in Ohio (ECF No. 98) and Plaintiffs' Memorandum in Opposition (ECF No. 101). In a nutshell, the subject motion is a result of the parties' inability to agree on the location of the deposition of Plaintiffs' President, Doug Harrison. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## I.

On April 22, 2011, Defendant noticed the deposition of Doug Harrison, Plaintiffs' President and CEO, in Columbus, Ohio, leaving the date for the deposition blank. In correspondence accompanying the Notice, Defendant's counsel explained that Defendant did not

designate a particular date with the expectation that Mr. Harrison's deposition could occur on a date when Plaintiffs' counsel already planned to be in Columbus for the Rule 30(b)(6) deposition of its representative.  In response, Plaintiffs' counsel indicated that he would provide Defendant's counsel with dates Mr. Harrison would be available in Texas rather than in Ohio.  In a May 4, 2011 email, Plaintiffs' counsel again stated that Mr. Harrison would not travel to Columbus for his deposition.  On May 6, 2011, Defendant's counsel responded to Plaintiffs' counsel, stating that he considered the parties to be at in impasse with regards to the location of Mr. Harrison's deposition.  Defendant subsequently filed the instant Motion to Compel.

## II.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the party noticing the deposition initially selects the deposition's location. Fed. R. Civ. P. 30(b)(1); 8A Charles Alan Wright, Arthur R. Miller, Richard L. Markus, Federal Practice & Procedure § 2112 at 73 (2d ed. 1994) ("[T]he examining party may set the place for deposition of another party wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.").[1]  Federal Rule of Civil Procedure 26(c) affords district courts "wide discretion to limit discovery to prevent 'annoyance, embarrassment, oppression, or undue burden or expense,' including with regard to the designation of the time and place of depositions."  *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715, at *3 (6th Cir.

---

[1]Plaintiffs repeatedly emphasize that Defendant noticed Mr. Harrison personally for a deposition rather than noticing Plaintiffs through a Rule 30(b)(6) deposition, referring to him as a "non-party."  Mr. Harrison's deposition notice specifically states that he is being deposed in his capacity as "officer, director, and/or managing agent for plaintiffs."  (Harrison Dep. Notice, ECF No. 98-2 at Ex. 6.)  The Court is, therefore, not persuaded that this distinction warrants consideration in its analysis. *Cf.* Fed. R. Civ. P. 45(c) (distinguishing a party or a party's officer from a non-party and limiting litigation-related travel to the latter category).

2

Dec. 19, 2000) (quoting Fed. R. Civ. P. 26(c)); *Shannon v. Taesa Airlines*, No. 2:93-CV-689, 1994 WL 931216, at *3 (S.D. Ohio Nov. 10, 1994) ("[U]nder Rule 26(c) of the Federal Rules of Civil Procedure, the Court is vested with the discretion to designate the location of a deposition, and to act so as to protect any party from undue burden or expense.")

Although in this case the issue is framed as a motion to compel, because Rule 30(b)(1) permits the party noticing the deposition to initially select the place of the deposition, it is Plaintiffs who seek protection from Defendant's initial selection. The party seeking protection, here Plaintiffs, must establish that good cause exists under Rule 26(c)(1). *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To do so, Plaintiffs must illustrate the potential for "'annoyance, embarrassment, oppression, or undue burden or expense' . . . with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

### III.

Defendant maintains that Plaintiffs have not satisfied their burden to demonstrate good cause. Instead, Defendant asserts that Plaintiffs cannot establish any financial hardship or undue burden. Defendant further contends that because this action is pending in Ohio and Plaintiffs have chosen to pursue their claims in this forum, well-established law requires Plaintiffs to offer their corporate officer here. Finally, Defendant submits that the location of the parties' attorneys militates in favor of compelling Mr. Harrison's deposition in this forum.

Plaintiffs assert that standard practice in this district suggests that Mr. Harrison's deposition should proceed in Texas, not Ohio. Plaintiffs reference the presumption that a corporate representative's deposition should take place at the corporation's principal place of

business.  Plaintiffs maintain that compelling Mr. Harrison to appear in Columbus would constitute an undue hardship or burden.  Plaintiffs explain that if required to travel to Columbus, Ohio, for deposition, Mr. Harrison would be away from Plaintiffs' business for three full days and that as President and CEO, Mr. Harrison's "day-to-day decision making and presence at Plaintiffs' principal place of business in Texas is imperative to Plaintiffs' business."  (Pls.' Mem. in Opp. 13, ECF No. 101.)

The Court concludes that Plaintiffs have not established that good cause exists under Rule 26(c)(1) for the Court to issue a protective order concerning the location of Mr. Harrison's deposition.  "A motion for a protective order not to have a deposition at a particular site, or to compel deposition in a particular location, is considered by reviewing three factors of the cost, convenience, and litigation efficiency of the designated location."  *Sloniger v. Deja*, No. 09–CV–858S, 2010 WL 5343184, at *5 (W.D.N.Y. Dec. 20, 2010); *Brockway v. Veterans Admin. Healthcare System,* No. 3:10-cv-719, 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011); *Buzzeo v. Board of Educ., Hempstead*, 178 F.R.D. 390, 393 (E.D.N.Y. 1998); *Mill–Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550–51 (S.D.N.Y. 1989).  In addition to these factors, in reaching this conclusion, the Court has also considered the general rule that the proper location of a plaintiff's deposition, including that of a corporate officer if the plaintiff is a corporation, is in the forum where the litigation is pending, *see*, *e.g.*, *Ward v. LeClaire*, No. 9:07-CV-0026, 2008 WL 1787753 (N.D.N.Y. Apr. 17, 2008); *El Camino Resources Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2008 WL 2557596, at *3 (W.D. Mich. June 20, 2008), as well as the presumption that "[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal of business," 8A Charles Alan Wright, Arthur R. Miller, Richard L. Markus, *Federal Practice & Procedure* § 2112 at 73 (2d ed. 1994).

4

The Court is not heavily persuaded by the general rule suggesting that Mr. Harrison's deposition should occur in Ohio because the action is pending here. As Plaintiffs point out, this presumption wanes, where, as here, the plaintiff is not litigating in his choice of forum as a consequence of a defendant's successful motion to transfer venue pursuant to 28 U.S.C. § 1404(a). As set forth in Wright and Miller:

> The basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum. This argument is of lessened persuasiveness with the growing use of motions under Section 1404(a) of the Judicial Code to transfer litigation to a more convenient forum. If plaintiff has sued in a court far distant from home because the transactions in question occurred in that district, and a suit elsewhere would probably have been transferred in any event, the usual rule requiring plaintiff to come to the forum for his or her deposition seems inappropriate. And if the plaintiff had no choice of forum to begin with, there seems very little reason to give weight to the selection of the forum as against facts indicating that another place for taking the deposition would be more just. Because of the weight given plaintiff's choice of forum, at least when he or she has had a choice, courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs.

8A Charles Alan Wright, Arthur R. Miller, Richard L. Markus, *Federal Practice & Procedure* § 2112 (3d ed. 2010).

The Court is likewise not persuaded by the presumption that Mr. Harrison's deposition should take place in Texas because that is the location of Plaintiffs' principal place of business. In considering the appropriate location of the deposition of one of the plaintiff's corporate officers, the *El Camino* court analyzed this presumption as follows:

> Plaintiff relies on a principle that some cases have labeled a "presumption" that the deposition of a corporate officer take place at the corporation's principal place of business. Courts have often loosely referred to a "presumption" that the deposition of a corporation should be taken at its principal place of business. Few courts using the presumption label have attempted to identify the type of presumption with any precision. The breadth of the court's discretion in specifying the time and place of any deposition has led other courts to characterize the purported presumption as a kind of general rule that facilitates

5

determination when other relevant factors do not favor one side over the other . . . . [T]he preference for a corporation's principal place of business is relatively easy to overcome, particularly where, as here, the location of the deposition of a corporate plaintiff's officer is at issue.

2008 WL 2557596 at * 3 (internal citations and quotation marks omitted). Here, the Court finds that the factors of convenience and litigation efficiency overcome any preference for the deposition to take place in Texas simply because Mr. Harrison is Plaintiffs' corporate officer.

The Court finds that cost is a neutral factor. Neither party has alleged that it does not have the ability to bear the costs should the deposition be taken in either Texas or Ohio. Additionally, the Court agrees with Plaintiffs, that the attorneys' fees Defendant incurred in transferring this case and in resisting Plaintiffs' motion for re-transfer are not relevant to the Court's consideration of the subject motion.[2] Finally, there is no evidence that the choice of location of Mr. Harrison's deposition will significantly impact the total costs of litigation.

The Court concludes that the convenience factor weighs moderately in favor of compelling Mr. Harrison's deposition in Ohio. "Factors relevant to convenience include any hardship to counsel, the residence of deponents, and the extent to which the witness' affairs might be disrupted." *Devlin v. Transportation Communications Intern. Union*, No. 95-cv-0752, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000) (citation omitted). Generally, a plaintiff must "bear any reasonable burdens of inconvenience that the action represents." *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D.Conn. 2005) (quoting *Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88-CV-2670, 1990 WL 155727, at *4 (S.D.N.Y. Oct. 5, 1990)). Of course,

---

[2]Put another way, the Court finds Defendant's conclusory assertions that having its counsel travel to Texas for Mr. Harrison's deposition would constitute an undue burden and expense because of Defendant's smaller size and the expenses it incurred in transferring this action unpersuasive.

6

it would be more convenient to Mr. Harrison to be deposed in Texas, where he resides. Plaintiffs have not shown, however, that conducting Mr. Harrison's deposition in Ohio would subject it to *undue* burden. *See El Camino*, 2008 WL 2557596 at *5 (distinguishing the significantly burdensome nature of litigation from Rule 26(c)'s "undue burden or expense" standard). The Court finds that Plaintiffs' allegations of business disruption are overstated. Pursuant to Federal Rule of Civil Procedure 30(d)(2), Mr. Harrison's deposition is "limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(2). Columbus, Ohio, is not such a remote location that travel from San Antonio, Texas, to Columbus would reasonably be expected to consume "three full days" as Plaintiffs contend. (*See* Pls.' Mem. in Opp. 13, ECF No. 101.) Regardless, the Court finds it unlikely that Mr. Harrison is a stranger to business-related travel and likely that he has the electronic means of staying in touch with his office such that he could continue to make day-to-day decisions if necessary.

The location of the parties' attorneys also weighs in favor of the Ohio location. *See Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (recognizing that the "locations of [the parties'] attorneys is also a relevant consideration" for a court considering the appropriate location of a deposition). As Defendant indicates, both Defendant's and Plaintiffs' trial attorneys are located in Ohio. Plaintiffs' representation that its Texas counsel will defend Mr. Harrison's deposition regardless of where it takes place does not persuade the Court otherwise. Plaintiffs do not assert that its local counsel is incapable of representing its interests during Mr. Harrison's deposition; Plaintiffs may of course choose to incur this additional expense, but their choice does not influence the Court's analysis. *See El Camino,* 2008 WL 2557596 at *4 (declining to consider the additional expense the plaintiff would be forced to incur to have its counsel travel in determining the appropriate location for plaintiff's corporate officer where there

was no suggestion that the plaintiff's local counsel was incapable of representing its interests).[3]

Finally, the Court finds that the factor of litigation efficiency weighs moderately in favor of Mr. Harrison's deposition taking place in Ohio. "With respect to the third factor of 'litigation efficiency,' the Court is advised to examine (1) its own ability to intervene to resolve disputes during depositions and (2) the ease or difficulty of the parties and witnesses in bringing relevant documents to the site." *Brockway*, 2011 WL 1459592, a *5 (citing *Sloniger*, 2010 WL 5343184, at *8; *Mill–Run Tours, Inc.*, 124 F.R.D. at 551). The Court anticipates that discovery, like the other aspects of this case, will be contentious. The Court is better enabled to make an expeditious ruling on any disputes that may arise during the course of Mr. Harrison's deposition if the deposition takes place in Columbus because there would be no time zone differential and because the Court, if necessary, could feasibly hold a hearing on any dispute. Neither party has suggested that they anticipate that transportation of documents will be an issue in this case. Thus, this consideration is neutral.

## III.

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Compel. (ECF No. 98.) Accordingly, Defendant shall depose Mr. Harrison at a time mutually convenient to all concerned in Columbus, Ohio.

---

[3]Pursuant to Rule 30(b)(6), Plaintiffs noticed Defendant's corporate deposition for June 8, 2011. (ECF No. 102.) If Plaintiffs utilize its Texas counsel to defend Mr. Harrison's deposition in Ohio, the Court encourages the parties to schedule Mr. Harrison's deposition in conjunction with Defendant's corporate deposition such that Plaintiffs' Texas counsel would not need to make two trips.

8

**IT IS SO ORDERED.**

Date:  May 25, 2011

                                                 */s/ Elizabeth A. Preston Deavers*
                                                 Elizabeth A. Preston Deavers
                                                 United States Magistrate Judge