UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE SCOOTER STORE, INC. et al.,**

    **Plaintiffs,**

    v.

**SPINLIFE.COM, LLC,**

    **Defendant.**

Civil Action 2:10-cv-18
Judge Algenon L. Marbley
Magistrate Judge E.A. Preston Deavers

**DISCOVERY OPINION AND ORDER**

Plaintiffs, The Scooter Store, Inc., and The Scooter Store, Ltd., filed this action against Defendant, Spinlife.com, LLC, asserting state and federal unfair competition and trademark claims.  Defendant asserts counterclaims for Sherman Act attempted monopolization and Ohio Unfair Competition.  This matter is before the Court for consideration of Defendant's Motion for Protective Order (ECF No. 100), Plaintiffs' Memorandum in Opposition (ECF No. 105), and Defendant's Reply (ECF No. 106).  For the reasons that follow, Defendant's Motion for Protective Order is **DENIED**.

**I.**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant moves the Court for a protective order prohibiting Plaintiffs from obtaining discovery concerning Defendant's purchase of the phrases "scooter store" and "your scooter store" for purposes of its internet advertising.  Referencing the arguments set forth in its pending Motion for Partial

Summary Judgment, Defendant contends that Plaintiffs "cannot as a matter of law assert causes of action based on [Defendant's] claimed purchase and/or use of 'scooter store' and 'your scooter store.'" (Pls.' Mem. in Opp. 1, ECF No. 105.)  Defendant also submits that its need to protect commercially-sensitive information from disclosure also justifies its proposed protective order.  Defendant concludes that the contested discovery constitutes an "unduly burdensome, oppressive, and harassing fishing expedition." (*Id.*)

Plaintiffs oppose Defendant's Motion, characterizing it as "a back-door attempt to obtain the functional equivalent of a partial summary judgment by improperly stifling relevant discovery." (Pls.' Mem. in Opp. 1, ECF No. 105.)  Plaintiffs assert that the proposed protective order runs counter to the broad and liberal discovery regime of the Federal Rules of Civil Procedure.  Plaintiffs also maintain that Defendant's concerns relating to the disclosure of commercially-sensitive information are rendered inconsequential by the parties' agreed protective order.  Plaintiffs ask the Court to deny Defendant's Motion and permit discovery concerning Defendant's purchase of the internet search terms "scooter store" and "your scooter store."

## II.

Defendant has moved for a protective order.  Federal Rule of Civil Procedure 26(c) affords district courts with discretion to issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(D).  Determining the scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil

Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 Fed. Appx. 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

## III.

In the instant case, the Court finds that discovery concerning Defendant's purchase of the phrases "scooter store" and "your scooter store" for purposes of its internet advertising "bears on" or "reasonably could lead to other matter that could bear on" issues in this action. *See Oppenheimer*, 437 U.S. at 351. A fair reading of Defendant's Motion and Reply reveal that its only basis for challenging this conclusion is its belief that it will obtain a favorable ruling on its pending Motion for Partial Summary Judgment. To be clear, Defendant has moved the Court for partial summary judgment on the ground that Plaintiffs have no trademark or other rights "in the unregistered, generic phrase 'scooter store' or other phrases containing 'scooter store' such as 'your scooter store' . . . ." (Defs.' Mot. for Partial Summ J. 1, ECF No. 99.) Then, Defendant moved for a protective order seeking to prohibit discovery related to the purchase of these phrases because Plaintiffs "undisputedly [do] not have any trademark or other rights to these unregistered, generic phrases . . . ." (Def.'s Mot. for Prot. Order 1, ECF No. 100.) Further, the

3

majority of Defendant's Reply is dedicated to arguing the merits of its underlying assertion that Plaintiffs cannot have trademarks in these phrases, instead of addressing the chief issue for purposes of the instant motion, namely whether the purchase of the terms "scooter store" and "your scooter store" are relevant under Rule 26(b).  Indeed, the Court cannot grant Defendant's request to prohibit discovery on these matters without delving into the merits of the claims that are subject to its Motion for Partial Summary Judgment.  Whether or not Plaintiffs' claims involving these terms survive summary judgment, however, has no bearing on whether the discovery Plaintiffs seek is relevant, particularly viewed in light of a party's broad rights to discovery under Rule 26.  *See* Fed. R. Civ. P. 26(b).  Here, it is clear from Plaintiffs' Amended Complaint and Defendant's Motion for Partial Summary Judgment that the subject discovery is relevant to Plaintiffs' claims, which is all that Rule 26(b) requires.  (*See, e.g.*, Am. Compl. ¶¶ 66–68, ECF No. 25-8.)  The Court, therefore, rejects Defendant's assertions that the contested discovery is not relevant.

Additionally, the Court is unpersuaded by Defendant's arguments relating to the sensitive nature of the subject discovery.  The parties can address any potentially sensitive information in accordance with their agreed protective order.  Indeed, Defendant acknowledges as much in its Motion:  "[S]uch testimony could be properly handled in accordance with the protective order and designated 'attorneys' eyes only . . . . '"  (Def.'s Mot. to Compel 9, ECF No. 100.)

### IV.

For the reasons set forth above, Defendant's Motion for a Protective Order is **DENIED**. (ECF No. 100.)  Accordingly, Plaintiffs may obtain deposition discovery concerning Defendant's purchase of the internet search terms "scooter store" and "your scooter store."

**IT IS SO ORDERED.**

Date: June 1, 2011                                           /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge